Case 4:21-cv-01759   Document 1-3   Filed on 05/28/21 in TXSD   Page 1 of 7

Marilyn Burgess - District Clerk Harris County
Envelope No. 52903385
By: Carolina Salgado
Filed: 4/28/2021 11:41 AM

2021-25286 / Court: 127

CAUSE NO. _____

| | | |
|---|---|---|
| JUANA ALVARADO-LOPEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CATERPILLAR INC. | § | |
| and BENJAMIN D. HOBBS | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** JUANA ALVARADO-LOPEZ ("Plaintiff") to file this Original Petition complaining of CATERPILLAR INC. ("Defendant CATERPILLAR") and BENJAMIN D. HOBBS ("Defendant HOBBS") (collectively, "Defendants"). For cause of action, Plaintiff would respectfully show the Court as follows:

**I.**

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**

Plaintiff, JUANA ALVARADO-LOPEZ, is a resident of Harris County, Texas.

Defendant, CATERPILLAR INC., is a Delaware corporation that transacts business in the State of Texas and may be served with process through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

Plaintiff's Original Petition
- 1 -

# Exhibit "C"

Defendant, BENJAMIN D. HOBBS, is a "non-resident" individual as that term is defined and understood under §17.041 and §17.062 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Accordingly, for purpose of securing service of process on Defendant, BENJAMIN D. HOBBS, the Plaintiff pleads and will prove the following:

    a.    Defendant, BENJAMIN D. HOBBS, was the operator of a vehicle involved in an automobile collision on June 14, 2019 in this state; and

    b.    At the time of the institution of this litigation, Defendant, BENJAMIN D. HOBBS, was a "non-resident" as that term is defined and understood under §17.041 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

Accordingly, pursuant to §17.062 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, the Chair of the Texas Transportation Commission is the agent for service of process on Defendant, BENJAMIN D. HOBBS, and service on Defendant, BENJAMIN D. HOBBS, may be obtained by serving the Chair of the Texas Transportation Commission at <u>125 E. 11th Street Austin, Texas 78701-2483</u>.

Notice to Defendant, BENJAMIN D. HOBBS, of service of process on the Chair of the Texas Transportation Commission may be made, pursuant to §17.063 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, by mailing a copy of the process and notice that the process has been served on the Chair by registered mail or certified mail, return receipt requested to Defendant BENJAMIN D. HOBBS at <u>12323 N. State Route 91, Dunlap, Illinois 61525-9746</u>.

### III.

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $250,000 but less than $1,000,000.

This Court has jurisdiction and venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

## IV.

On or about June 14, 2019, Plaintiff was operating her vehicle in a reasonable and prudent manner on S. Braeswood Boulevard near the intersection with S. Rice Avenue in Houston, Harris County, Texas. Suddenly and without warning, Defendant HOBBS, who was operating a vehicle in the course and scope of his employment with Defendant CATERPILLAR, caused a collision with the vehicle occupied by Plaintiff due to the failure of Defendant, HOBBS, to operate the vehicle at a safe speed. Defendant, HOBBS, was solely blamed by the investigating officer for causing the wreck and was issued a citation for unsafe speed in causing the collision. As a result of the wreck caused by Defendants' negligence and gross negligence, Plaintiff sustained serious personal injuries.

## V.

The agents, officers, employees and representatives of Defendant CATERPILLAR committed acts and/or omissions which constituted negligence, negligence per se and gross negligence. Such acts and/or omissions, among others, were as follows:

(a) In failing to properly screen, test, and qualify employees, specifically including Defendant HOBBS, so as to provide for the safe operation of the vehicle involved in the occurrence in question;

(b) In hiring, employing, and/or retaining employees, specifically including Defendant HOBBS, who lacked proper screening, testing, training and qualifications so as to provide for safe operation of the vehicle involved in the occurrence in question;

(c) In failing to properly train and supervise employees, specifically including Defendant HOBBS, so as to provide for safe operation of the vehicle involved in the occurrence in question; and

    (d)    In failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retain employees to operate the vehicle involved in the occurrence in question.

At all times material hereto, all of the agents, servants, and employees of Defendant CATERPILLAR, including but not limited to Defendant, HOBBS, who were connected with the occurrence made the subject of this cause of action, were acting within the course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by Defendant CATERPILLAR. Thus, Defendant CATERPILLAR is vicariously liable for the acts and/or omissions of Defendant HOBBS under the doctrine of respondeat superior.

## VI.

Defendant, HOBBS, for whose acts and omissions Defendant CATERPILLAR is in all things responsible, violated his duty to exercise ordinary care in the operation of the vehicle and was negligent in one or more of the following particulars:

    a.    in failing to keep a proper lookout;
    b.    in failing to apply or timely apply the brakes;
    c.    in failing to maintain an assured clear distance between the vehicle that HOBBS was operating and the vehicle occupied by Plaintiff;
    d.    in failing to control the speed of the vehicle;
    e.    in operating the vehicle at an unsafe speed;
    f.    in failing to pay attention;
    g.    in failing to maintain control of the vehicle; and
    h.    in failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

Each of these acts or omissions, singularly or collectively, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

## VII.

Additionally, and/or in the alternative, at the time of the incident in question and immediately prior thereto, Defendants had actual subjective awareness that their conduct giving rise to the subject collision involved a serious risk of danger to others, including the Plaintiff. When viewed objectively from the standpoint of Defendants at the time of the incident in question, said actions or omissions constituted an extreme degree of risk, considering the probability and magnitude of potential harm to others. Nevertheless, Defendants proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff. Plaintiff will further show that the negligent acts and/or omissions of Defendants involved an extreme degree of risk, considering the probability and magnitude of harm to others, and the Defendants had actual awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. As such, Plaintiff asserts that the negligent conduct of Defendants constituted malice. Pursuant to Texas Civil Practice and Remedies Code §41.003, Defendants' actions as described herein constitute negligence with malice, and make Defendants liable for *exemplary damages*.

## VIII.

All of the facts stated in this pleading are incorporated herein as if fully set forth. The actions, conduct and/or omissions of Defendants were a violation of state law and/or local regulations and/or ordinances and as such constitute negligence per se.

## IX.

As a direct and proximate result of the aforementioned acts and omissions of negligence and gross negligence by the Defendants, Plaintiff sustained the following damages for which she is legally entitled to recover:

1. Necessary and reasonable medical expenses, past and future;
2. Physical pain and mental anguish, past and future;
3. Physical impairment, past and future;
4. Disfigurement, past and future;
5. Loss of income and reduced wage-earning capacity, past and future;
6. Exemplary damages; and
7. Pre-judgment interest and costs of Court.

If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the same were neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

## X.

Please take notice that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, for purposes of self-authentication, any and all documents produced by Defendants to Plaintiff in response to written discovery will be used against Defendants at any pretrial proceeding or at trial.

## XI.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon trial hereof Plaintiff have judgment of the Court against such Defendants in a total amount of money substantially in excess of the

minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

/s/ *Jonathan C. Kieschnick*

Jonathan C. Kieschnick
Texas Bar No. 00796883
17225 El Camino Real, Suite 110
Houston, Texas 77058
(281) 538-9200 Telephone
(281) 538-9229 Facsimile
jck@jck-law.com
**ATTORNEY FOR PLAINTIFF**